[Crim. No. 7405.   Second Dist., Div. One.   Dec. 19, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. LIONEL ALEXANDER SMALL, Defendant and Appellant.

Harry E. Weiss and Russell E. Parsons for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Otto J. Hetzel, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was convicted, in a nonjury trial, of unlawfully possessing heroin. Upon stipulation the case was submitted upon the transcript of the preliminary examination. Defendant did not testify. The information alleged that defendant had been convicted previously of burglary, but no evidence was presented with respect thereto. He was sentenced to imprisonment in the state prison. He appeals from the judgment and from the order denying his motion for a new trial.

Appellant contends that the heroin, received in evidence, was obtained as the result of an unlawful search; that there was no probable cause for the arrest or search; and that the corpus delicti had not been established prior to receiving evidence as to conversations with appellant.

A deputy sheriff, who had two and one-half years' experience as a member of the narcotic detail of the sheriff's office of Los Angeles County, and who was qualified as an expert witness with respect to the illegal use of narcotics by narcotic addicts, testified in substance as follows: On November 3, 1959, about 3:45 p. m., while he was riding in an automobile in a parking lot of a food market, he saw the defendant who was walking on the lot and was pushing a market cart which contained a bag of groceries and a piece of machinery. When the automobile was about 2 feet from the defendant, the deputy observed several marks on the back of defendant's left hand—the marks were over a long discoloration which was over a vein between the forefinger and thumb. At that time the deputy formed an opinion that the defendant may have been using a narcotic, and thereupon the deputy alighted from the automobile and had a conversation with defendant.

When the deputy testified that he had a conversation with defendant, the attorney for defendant objected to the conversation on the ground that the corpus delicti had not been established. The judge said: "He [deputy district attorney] wants it to be admitted for the purposes of probable cause only, Mr. Parsons [attorney for defendant]." The attorney for defendant said, "All right, fine." The judge said that "on that basis alone the conversation will be admitted." The deputy sheriff did not have a warrant of arrest or a search warrant.

The deputy sheriff testified further: After alighting from the automobile and calling to the defendant, the defendant stopped, and the deputy asked, "Are you using some stuff?" The defendant replied, "Yeah." The word "stuff" is used as meaning "narcotics." The deputy said to defendant: "How much are you using now?" He replied, "About a gram." Then the deputy looked at the marks again and placed defendant under arrest and searched him. He (deputy) placed his hand in defendant's coat pocket and removed therefrom a rubber container in which there were two small rubber balloons containing a white substance. Then, in the presence of two other deputy sheriffs who had come there with the witness (deputy), the witness had a conversation with defendant. The statements of defendant, in that conversation, were made freely and voluntarily. The deputy asked him "if this was all he had on his person." He replied, "Yes." The deputy asked if he had anything else at home. He replied, "No," and "This is all I have." The deputy asked where he got "these," and what they were. He replied that he bought them for his own use and that they were heroin.

On cross-examination, the deputy testified that when he made the arrest he said, "You're busted, Buster." Buster was defendant's nickname. The deputy had not known defendant previously—he knew him by name only, and had never spoken to him. After the arrest defendant was taken to a sheriff substation, and an officer of the Federal Bureau of Narcotics was called. There was some conversation between the federal officer and the defendant, and finally an agreement was made that appellant would "act as an informant for us" for the purpose of helping "us" to develop a case against the person who was dealing the narcotics to him. The defendant did not fulfill the agreement. The next day he was booked on a federal narcotic charge. In the course of the conversations the officers did not tell defendant that, if he would tell them where he obtained the narcotics, no prosecution would be made against him. The deputy (witness) did not make any promise to defendant if he would tell where he obtained the narcotics.

The white substance (Exhibit 1) which was taken from defendant was heroin.

When the white substance was offered in evidence at the preliminary examination, appellant's counsel objected to the offer on the ground that it was obtained as a result of an unlawful search. The objection was overruled. At the trial, appellant's counsel objected to the white substance being

received in evidence, on the ground that there was no reasonable ground for the search or the arrest. The objection was overruled.

With respect to appellant's contention that there was no probable cause for the arrest or search, he argues that the evidence does not indicate whether the marks on his hand were fresh or old, and apparently at the time of the arrest the deputy sheriff had no information upon that subject. The deputy sheriff who observed the marks on appellant's hand had had extensive experience in enforcing narcotic laws, and in observing the characteristics of narcotic addicts and the methods employed by them in self-administering narcotics. He was qualified to form and express a trustworthy opinion as to appearances of persons who are users of narcotics. By reason of his opinion, based upon his observation of the marks, that defendant may have been using a narcotic, he was justified in making the inquiry of defendant as to whether he was using some "stuff" or narcotics. The opinion of the deputy as to the significance of the marks which he observed, and the affirmative answer of the defendant in response to such inquiry, constituted probable cause to arrest defendant. (See *People* v. *Rios*, 46 Cal.2d 297, 298 [294 P.2d 39]; *People* v. *Aguilar*, 191 Cal.App.2d 887, 890 [13 Cal.Rptr. 121].) In the present case the arrest was lawful. A search which is incident to a lawful arrest is valid. (*People* v. *Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].) In the present case the search was incident to the lawful arrest and was valid.

With respect to appellant's contention that the corpus delicti had not been established prior to receiving evidence as to conversations with appellant, the appellant argues that an essential part of the proof of the corpus delicti is that the appellant must have had knowledge that the article possessed was a narcotic. The heroin was found in appellant's possession—in the pocket of the coat he was wearing. That possession was established without reference to the confession of appellant (made later) that the substance in the balloons was purchased by him for his own use and it was heroin. The corpus delicti was established prior to receiving the evidence as to the confession of appellant.

The judgment and the order denying the motion for a new trial are affirmed.

Fourt, J., and Lillie, J., concurred.