[Crim. No. 1918.    Fourth Dist.    Nov. 7, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. JAMES KINNEY ROY, Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Lowell E. Lathrop, District Attorney, and J. Lewis Liesch, Deputy District Attorney, for Plaintiff and Appellant.

Charles E. Ward, Public Defender, and Grace M. Storey, Deputy Public Defender, for Defendant and Respondent.

BROWN (Gerald), J.—The plaintiff has appealed from an order dismissing an information under Penal Code section 995, which provides that an information must be set aside upon motion where "... the defendant had been committed without reasonable or probable cause."

Officers were investigating a known narcotics user named Ethel, and while talking to her on a public street in the City of San Bernardino about 9:30 p.m. in the presence of three other persons, one of the officers shined a flashlight into defendant's eyes and noticed no pupillary reaction; the pupils remained in a contracted condition at all times. Officer Willis then conducted a similar test with the same result, and thereupon asked to see defendant's arms which were exhibited and showed scars and fresh pinpoint red marks on the inner elbow fold. Officer Willis had worked 15 years in the Sheriff's Office of San Bernardino County, 13 of them in the narcotics field. He had made approximately 1,500 arrests for unlawful use or possession or being under the influence of heroin.

The defendant was then arrested for being under the influence of a narcotic in violation of Health and Safety Code, section 11721, and a "pat search" was made of him which was incident to an accepted routine police procedure after an arrest. When the right rear pocket was reached, defendant quickly placed his hand therein, and Officer Willis grabbed the defendant at the wrist, thinking he had some weapon in the pocket. Officer Willis pulled the hand out and found nothing in it; at that time another officer reached in the pocket and extracted a package containing heroin.

The question presented is whether cause for arrest existed, thus making the search lawful and the evidence discovered admissible.

"Reasonable or probable cause is shown when a man

of ordinary care and prudence, knowing what the officer knows, would be led to believe or conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.]" (*People* v. *Steffano,* 177 Cal.App.2d 414, 417 [2 Cal.Rptr. 176]; *People* v. *Morris,* 211 Cal.App.2d 274, 277 [27 Cal. Rptr. 129].)

In considering the question of reasonable or probable cause, the court must look to the facts and circumstances presented to the officer at the time he was required to act. (*People* v. *Hollins,* 173 Cal.App.2d 88, 92 [343 P.2d 174].)

In the instant case we have a combination of circumstances, all of which together constituted reasonable or probable cause for Officer Willis to believe or conscientiously entertain a strong suspicion of the guilt of the defendant. (*People* v. *DiBlasi,* 198 Cal.App.2d 215 [18 Cal.Rptr. 223]; *People* v. *Corrao,* 201 Cal.App.2d 848 [20 Cal.Rptr. 492]; *People* v. *Rodriguez,* 140 Cal.App.2d 865 [296 P.2d 38].) These circumstances consisted of the defendant being with a known narcotics user on a public street, the constricted condition of the eyes which failed to change or vary under different conditions of lighting tested with and without the light of a flashlight, and the presence of scars and fresh pinpoint red marks on the inner elbow fold. At that point the arrest was made and the defendant was then told that he was arrested for being under the influence of heroin. The search which followed was lawful.

The order dismissing the information is reversed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 4, 1963.