[Crim. No. 2288. Fourth Dist., Div. One. Feb. 28, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. HERBERT RAY DAVIS, Defendant and Appellant.

J. Perry Langford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton J. Price, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant appeals from a conviction of the offense of possession of heroin, contending the court erred

in overruling his objection to admission into evidence of a package of heroin, which was the object of the offense with which he was charged, and of paraphernalia used in making heroin injections, because they were the product of an illegal search and seizure.

On January 25, 1965, Officer Myrann, a member of the narcotics detail of the San Diego Police Department, went to a residence where two days previously a man had been arrested for possession of narcotics for sale; knocked on the door; was asked who was there, and replied: ''Police officers''; heard the person making the inquiry answer: ''Just a minute''; and thereafter was greeted by defendant who opened the door and said: ''What's doing, Myrann?'', then stepped back and said: ''Come in.'' Another officer, Sergeant Dodge, accompanied Myrann to this residence; had gone to the rear thereof; and upon hearing the aforesaid conversation at the front of the house, came from the rear and entered. When Myrann walked into the front room he asked defendant if anybody else was in the house and the latter said his girl friend was there. The officer noted the pupils of defendant's eyes were constricted, which is a condition associated with the use of an opiate derivative; said nothing about this at that time; and proceeded to look through the house for the girl friend. The defendant made no objection thereto; accompanied the officer into an adjoining bedroom; left the bedroom; and went to the kitchen where he met Sergeant Dodge who observed ''the pupils of his eyes were constricted, that he appeared to have a feeling or a being of indifference, of well-being, perhaps'', which indicated to the Sergeant that he might be under the influence of a narcotic drug. Both Officer Myrann and Sergeant Dodge were experienced in narcotics investigation procedures. While in the bedroom Myrann noticed on a night stand a glass of water, a spoon, the bottom of which was blackened from smoke, and a holder for a hypodermic needle. The evidence indicates Myrann located the girl friend and talked to her in the front room, but does not reveal the subject of their conversation. Myrann then went into the kitchen and ''took a closer look'' at defendant; observed the pupils of his eyes were constricted ''to about two millimeters in size''; determined they did not react to changes in light; and saw needle marks on his arms.. Thereupon defendant was arrested for being under the influence of a narcotic, viz., a violation of section 11721 of the Health and Safety Code, and was searched. A package of heroin was found between his sock and the calf of his leg. Following the arrest the house was

searched; a sooty spoon was found under a mattress; and it, together with the glass of water, spoon and needle holder theretofore observed, were seized.

Defendant contends the search leading to the discovery of the heroin was illegal because (1) entry into the house was illegal in that no reason appears which authorized the officers to knock on the door of the residence in question; (2) the trial court erred in concluding there was probable cause to arrest him because its conclusion was predicated in part upon the fact the officer had observed a sooty spoon and other articles used in the injection of heroin, which was information obtained during an unlawful search of the bedroom; and (3) in any event, the evidence is not sufficient to establish probable cause to arrest defendant for being under the influence of a narcotic because there is no showing his behavior was irregular.

The heroin, spoons, and other injection paraphernalia were admitted in evidence over objection.

The officers were not asked, either at the time they appeared at the subject residence or when testifying at the trial, why they knocked upon the door in question. Defendant contends that because the reason for their doing so was not elicited from them as part of their testimony their action was unlawful and tainted their subsequent conduct. The evidence does support an inference that they came to this residence to conduct an investigation initiated by the previous arrest of an occupant for possession of heroin for sale. In any event, the failure of the evidence to disclose a reason for the officers' action does not dictate the conclusion that their purpose in knocking upon the door was not a lawful one nor in the proper discharge of their duties. The circumstances here bring this case within the rule stated and applied in *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852] and *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].

The evidence supports the conclusion that following defendant's invitation to Myrann to come into the house, the latter sought an interview with defendant's girl friend; that he looked through the various rooms in the house for this purpose; that he was accompanied by defendant during a part of this time; that no objection was made to his seeking the interview or his going through the house for this purpose; and that, impliedly, defendant consented thereto. (*People* v. *Bowens,* 219 Cal.App.2d 596, 599 [33 Cal.Rptr. 362] ; *People* v. *Holland,* 148 Cal.App.2d 933, 936 [307 P.2d 703].)

■ The glass of water, sooty spoon and hypodermic needle holder were in plain sight. Observing them did not constitute a search. (*People* v. *Roberts,* 47 Cal.2d 374, 379 [303 P.2d 721].) ■ Defendant's contention the information thus obtained was the product of illegal conduct and might not be used as a basis for determining the existence of probable cause for his arrest, is without merit.

The finding implied in the order overruling defendant's objection to admission into evidence of the heroin taken from his person, and the injection paraphernalia taken from the house, that the search disclosing such was conducted as an incident to an arrest based on probable cause is supported by the facts heretofore noted. Defendant's presence in a residence where two days previously a person had been arrested for possession of heroin for sale, the lack of pupillary reaction in his eyes, their constriction, his appearance of ''indifference'' and ''well-being'', and the needle marks on his arm, in light of the officers' experience in the premises, support the conclusion they were entitled to believe he was under the influence of narcotics. (*People* v. *Roy,* 222 Cal.App.2d 156, 157-158 [34 Cal.Rptr. 846] ; *People* v. *Herrera,* 221 Cal.App.2d 8, 10-12 [34 Cal.Rptr. 305] ; *People* v. *Small,* 198 Cal.App.2d 172, 175 [17 Cal.Rptr. 776] ; *People* v. *Aguilar,* 191 Cal. App.2d 887, 889 [13 Cal.Rptr. 121].) In addition, knowledge of the presence in the residence of paraphernalia ordinarily used in the injection of heroin and its apparent recent use was a corroborative factor the court was entitled to consider in determining whether the officers had probable cause to believe the offense in question was being committed.

Defendant further contends there was not probable cause for his arrest because his actions at the time were not symptomatic of a person under the influence of narcotics within the meaning of the statute declaring such to be an offense. This contention is predicated upon the legal premise that to be under the influence of narcotics within the proscription of the statute the person so affected must be guilty of some irregular behavior, and upon the factual premise that at the time of his arrest defendant's capabilities appeared to be normal, his judgment was not clouded, he was perceptive, and was not sleepy. Arguments in support of the legal premise are that the statute should be construed consistently with the statute which proscribes driving an automobile while under the influence of intoxicating liquor, and that to construe it otherwise would prohibit a narcotics addict from maintaining his ''normal state'', which would constitute punishment for addic-

tion contrary to the holding in *Robinson* v. *California,* 370 U.S. 660 [82 S.Ct. 1417; 8 L.Ed.2d 758].

■ The statute, i.e., section 11721 of the Health and Safety Code, declares: ''No person shall use, or be under the influence of narcotics, excepting when administered by or under the direction of a person licensed by the State to prescribe and administer narcotics . . . .'' Certain uses and resultant influence expressly are excepted from the proscription imposed. The fact that an addict, as well as other persons, is penalized for using narcotics other than as approved, does not constitute punishment for addiction. The statute is regulatory in nature; constitutes a valid exercise of the police power (*Minnesota* ex rel. *Whipple* v. *Martinson,* 256 U.S. 41, 45 [41 S.Ct. 425, 426, 65 L.Ed. 819]); and has been upheld as constitutional. (*In re Becerra,* 218 Cal.App.2d 746, 747 [32 Cal.Rptr. 910].)

Narcotics addiction is a process. (*People* v. *Victor,* 62 Cal.2d 280, 301 [42 Cal.Rptr. 199, 398 P.2d 391].) At different stages the symptomatic effects of the process are different. (See *Ibid.* pp. 301-304.) The object of the statute is to proscribe a use of narcotics that is an activating part of the process of addiction whatever may be the stage of that process at the time of their use. The provision making it an offense to be under the influence of narcotics must be construed in light of this object. So construed, the statute applies to every person who, following the unlawful use of narcotics, is under the influence thereof in any detectable manner. The symptoms of influence are not confined to those commensurate with misbehavior, nor to demonstrable impairment of physical or mental ability. (*Morales* v. *United States,* 344 F.2d 846, 850.) By making it an offense to be under the influence of narcotics the statute facilitates enforcement of the proscription against use.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied March 28, 1966, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1966.