[Crim. No. 2983.   Fourth Dist., Div. One.   July 19, 1968.]

THE · PEOPLE, Plaintiff and Respondent, v. LIONEL
ARTHUR SLADE et al., Defendants and Appellants.

Hubert C. Cavanagh and Michael S. Hegner, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter R. Jones, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Lionel Arthur Slade and Vannoy Leo Black, convicted of possessing marijuana (Health & Saf. Code, § 11530), appeal from probation orders deemed final judgments (Pen. Code, § 1237).

At 4:55 a.m., April 15, 1967, San Diego Police Officer Jacobson very slowly drove his police vehicle on Main Street watching a slowly moving, erratically driven 1955 Chevrolet traveling behind him; slowed down; saw the Chevrolet remaining behind, similarly slowly; pulled to a curb; let the Chevrolet with four occupants pass; started to pursue. Immediately the Chevrolet pulled to a curb and stopped. Jacobson then stopped, turning on his red light to keep the four occupants stationary while awaiting cover. Two men, Slade and driver Black, stepped out and came to the rear of the Chevrolet asking for directions to 39th Street. Jacobson asked for and examined their identification. Black owned the Chevrolet. Officer Boyette arrived; asked Black if there was anything in the vehicle he would not want seen; heard Black's negative answer; asked "Do you have any objection if I search your vehicle?"; was told by Black "Go ahead."

Pushing the upper half of the right front seat forward to get into the rear seat, Boyette observed a marijuana cigarette on the exposed recessed front seat. The officers found 13 marijuana cigarettes hidden behind the dashboard. Both Slade's and Black's pockets contained marijuana debris.

Contrary to their first contention, the marijuana cigarettes found in Black's vehicle, Black's erratic driving, Black's and Slade's quick exiting from the Chevrolet, asking a diversionary direction question, and the marijuana debris in their clothing at the time sufficiently support the finding they controlled and maintained dominion over marijuana knowing of its presence and narcotic character (*People* v. *Waller*, 260 Cal.App.2d 131, 142 [67 Cal.Rptr. 8]; *People* v. *One 1940*

*Chrysler,* 77 Cal.App.2d 306, 314 [175 P.2d 585]; *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Redrick,* 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Jones,* 255 Cal.App.2d 163, 171 [62 Cal.Rptr. 848]; *People* v. *Griffin,* 250 Cal.App.2d 545, 552 [58 Cal.Rptr. 707]; see *Rideout* v. *Superior Court,* 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197]).

■ Black and Slade tortuously contend the police unlawfully found their marijuana. Jacobson properly stopped, redlighted, detained and investigated (*People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]). Black consented to the search. The request for permission to search implied a choice of granting or refusing the request, and did not require a warning that consent might be refused (*People* v. *Roberts,* 246 Cal.App.2d 715, 729 [55 Cal.Rptr. 62]; *People* v. *Chaddock,* 249 Cal.App.2d 483, 485-486 [57 Cal.Rptr. 582]; see also *People* v. *Campuzano,* 254 Cal.App.2d 52, 57 [61 Cal.Rptr. 695]; *People* v. *Dahlke,* 257 Cal.App.2d 82, 87 [64 Cal. Rptr. 599]; *People* v. *Richardson,* 258 Cal.App.2d 23, 31 [65 Cal.Rptr. 487]; *People* v. *Lyles,* 260 Cal.App.2d 62, 67, 68 [66 Cal.Rptr. 799]).

■ On direct examination in his own behalf, Slade testified he knew the narcotic nature of marijuana. Over objection the trial court permitted Deputy District Attorney Hewicker to ask ''Have you smoked marijuana before?'' and, after a yes response, ''When was the last time?'' Slade answered eight to ten months ago. Deputy Hewicker wanted on cross-examination to prove other offenses to prove Slade's knowledge of marijuana's narcotic nature, the very thing Slade had just admitted. Objecting, Slade cited *People* v. *Spencer,* 140 Cal.App.2d 97 [294 P.2d 997], in which alleged heroin seller Spencer, in substance, before the trial court admitted evidence of other offenses to prove knowledge of the narcotic nature of heroin, testified he knew what heroin was. Reversing, and discussing the trial court's admission of other offense evidence, the reviewing court said: ''Since it was already clear that knowledge of the narcotic character of heroin was not an issue there was no reason, and no justification, for the admission of this evidence with the attendant danger of its misuse by the jury despite the cautionary instruction of the court.'' [Page 105.] Here, as in *Spencer,* Slade's testimony removed the knowledge issue from dispute, sapping the other offense evidence of probative value, leaving the purpose of its admission an attempt to inflame and prejudice, violating the basic

principles regarding other offense evidence discussed in *People* v. *Kelley*, 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947]. (*People* v. *Gonzales*, 262 Cal.App.2d 286 [68 Cal.Rptr. 578].

Regarding the other offense error, Black cannot complain. The evidence related solely to Slade. The error, furthermore, as to Slade could not have been prejudicial. When asked on cross-examination to explain how marijuana debris got in his clothes, Slade answered "Well, I was arrested before this," meaning, as later explained, he wore the same clothes some five months earlier when arrested for marijuana possession. This testimony of an earlier marijuana offense, to the same effect as the cumulative evidence improperly admitted, mitigates convincingly against finding prejudicial error.

Black contends Deputy Hewicker prejudicially misconducted himself during argument by saying: "We are talking about joint possession in this case. Of course, the idea is to blame it on those that aren't here. What about the two juveniles? Why not blame them, *blame it on anybody but the defendants.* Well, that is a smart tactic; sure, *that is what they get paid for.*" [Italics added.] After Black objected, Deputy Hewicker immediately restored jury focus by saying: "*Let's refer to it as their duty then,* that is a better word, but that doesn't explain away the presence of the debris in all of these pockets, does it?" [Italics added.] This by-play is trivia without consequence at trial, certainly not prejudicial error.

Black's contention regarding a witness testifying solely against Slade, about the debris in Slade's pants, is improvidently made.

Judgments affirmed.

Coughlin, J., and Whelan, J., concurred.