[Crim. No. 2989.   Fourth Dist., Div. One.   Sept. 24, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID MICHAEL DOERR, Defendant and Appellant.

Lawrence S. Frankel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark W. Jordan, Deputy Attorney General, for. Plaintiff and Respondent.

BROWN (Gerald), P. J.—David Michael Doerr, convicted after jury trial of possessing marijuana (Health & Saf. Code, § 11530), appeals from a probation order deemed a final judgment (Pen. Code, § 1237).

On June 27, 1967, Doerr and two minor companions were

traveling in Doerr's car on Highway 80 in eastern San Diego County when Deputy Sheriff Ravensteyn stopped them because the car's rear license plate had no 1967 registration sticker on it. Doerr met the deputy between the two cars; exhibited his operator's license; explained the car had not been registered that year; said he bought the car from a Mr. Pastiorelli, had an endorsed pink slip and had already been cited for failing to register it. Doerr and the officer walked to Doerr's car. While Doerr got the pink slip the officer saw the two young passengers inside and a case of beer under a pile of things in back. The officer confirmed the fact the passengers were minors. Doerr asked directions to a good camping spot.

Discussing Doerr's possessing beer, the officer asked if any open containers were in the car. Doerr said no and invited the officer to search the vehicle. The officer declined.

Because the appearance date had passed on Doerr's non-registration citation, the officer radioed to learn if there was a warrant for Doerr's arrest.

When asked if he had any weapons, open containers or narcotics in his car, Doerr again invited the officer to search the vehicle, saying he had a gun. The officer testified ''There was no question but that he gave a definite and positive agreement'' to search the car.

Doerr opened the trunk and pulled out a .22 caliber rifle. Searching the car, the officer found some white pills wrapped in a paper towel. A passenger said they were vitamin C pills. The officer radioed the pills' description to the sheriff's business office for a check in the pharmacology book.

Continuing to search for an open container, narcotics or pills, the officer found two marijuana cigarettes in a jacket pocket. The officer asked whose jacket it was and received no response; he advised the three of their *Miranda* rights, arrested and patted them down, finding a ''roach clip'' (a marijuana smoking device) on one of the passengers.

The three suspects were taken in the sheriff's vehicle to the Bostonian substation. A container with 15 grams of marijuana was found stuffed under the rear seat of the sheriff's vehicle at a spot between where Doerr and one of his companions had been seated. Marijuana debris was found in Doerr's pockets. Doerr admitted he had tried smoking marijuana about a month and a half before his arrest.

 The marijuana cigarettes found in Doerr's car, the attempt to hide more marijuana in the sheriff's vehicle, Doerr's leaving his vehicle when stopped, asking a diversion-

ary direction question, together with the marijuana debris in his clothing and admitted use of marijuana, support the finding Doerr controlled and maintained dominion over marijuana knowing of its presence and narcotic character (*People* v. *Slade,* 264 Cal.App.2d 189-190 [70 Cal.Rptr. 321]; *People* v. *Waller,* 260 Cal.App.2d 131, 142 [67 Cal.Rptr. 8]; *People* v. *One 1940 Chrysler,* 77 Cal.App.2d 306, 314 [175 P.2d 585]; *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Redrick,* 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Jones,* 255 Cal.App.2d 163, 171 [62 Cal. Rptr. 848]; *People* v. *Griffin,* 250 Cal.App.2d 545, 552 [58 Cal.Rptr. 707].)

The officer properly stopped, detained and investigated Doerr because of the car's faulty registration (*People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Slade, supra,* 264 Cal.App.2d 188-190). Doerr volunteered his consent to a search of his car without the officer having asked for permission. On appeal it is argued the consent demonstrated ''an innocent mind or a clever gambler.'' We disagree only with attributing such a clumsy bluff to a *clever* gambler. Doerr's consent was not in response to any assertion of authority and could only be deemed free and voluntary. His constitutional rights were not violated (*People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852]).

Doerr claims misconduct of the district attorney for arguing the merits of his case in his opening statement. The reporter's transcript does not include the opening statement. It is asserted the district attorney told the jury he would produce sufficient evidence for a conviction and asked the jury for a verdict of guilty. A motion to strike the remarks was granted. No prejudice resulted even if the question were properly before us on the record.

In response to a question by the court to one of the minor companions of Doerr concerning whether the two marijuana cigarettes belonged to him, he replied they did not but he had ''plead guilty to them in a previous trial'' because they were in his jacket. The district attorney then asked ''That was a juvenile hearing was it?'' Misconduct is claimed for an attempt to impeach upon a juvenile record. To the contrary, the fact of a guilty plea was volunteered by the witness and the district attorney merely cleared the record to obviate any misconception the defense witness had been convicted of a felony.

Doerr claims he was unreasonably restricted in cross-

examining witnesses. Objections were sustained to questions concerning other registration offenses observed by the officer on the day in question; what result was obtained from the name check; and whether there was a smell of alcohol about Doerr's car or its occupants. Whether the officer had seen other cars with registration deficiencies on the day in question was not relevant to any issue in the case and would not tend to establish the witness' ability to see, hear and remember as Doerr contends. The questions concerning the name check and odor of alcohol were irrelevant where the search of the vehicle was based not upon probable cause to arrest but upon a volunteered consent.

■ Doerr contends the district attorney exceeded the scope of direct examination when he cross-examined one of Doerr's minor companions about his involvement with marijuana. The witness had testified on direct he had never purchased marijuana. The cross-examination did not exceed the scope of direct examination.

■ Doerr's counsel testified on a motion for new trial he heard the alternate juror tell two male jurors during a recess on the last day of trial it was obvious Doerr knew about the marijuana. Counsel knew of the matter during the progress of the trial but did not inform the court until after the verdict and discharge of the jury. He may not speculate on a favorable verdict then assert prejudicial misconduct for the first time after an adverse verdict is returned (*People* v. *Quiel,* 68 Cal.App.2d 674, 680 [157 P.2d 446]).

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.