[Crim. No. 3256.   Fourth Dist., Div. One.   Nov. 21, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM LEROY GREGG, Defendant and Appellant.

Fred E. Corbin for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—William Leroy Gregg was convicted, after pleading guilty, of possessing heroin (Health & Saf. Code, § 11500). Gregg's Penal Code section 1538.5 motion to suppress the heroin evidence found in his possession was denied. He purportedly appeals from this nonappealable order of denial. Gregg's notice of appeal was filed after he changed his plea to guilty, but before judgment was rendered. We treat the appeal as one from the judgment of conviction

(an appeal authorized after plea of guilty by Penal Code section 1538.5, subdivision (m)). In so doing we exercise the discretion given us by California Rules of Court, rule 31(a), to treat a premature notice of appeal as filed immediately after rendition of judgment and construe the notice liberally in favor of its sufficiency as required by rule 31(b).

■ Gregg contends he was stopped, detained, "frisked" and arrested without probable cause for a belief he had committed a crime. The search incident to his arrest which revealed heroin in Gregg's possession is thus claimed to be illegal.

At approximately 3:30 a.m. on August 6, 1967, a person later identified as Gregg was sold a bus ticket to Los Angeles by an agent at the San Diego Greyhound Bus Depot. The agent noticed Gregg had a flashlight; possessed a large roll of money; acted nervous; and ran rather than walked to the bus ramp from the ticket counter. The agent reported Gregg to the police as a suspicious person.

The police officers contacted the ticket agent; were given the suspicious character's description; checked the Los Angeles bus in which Gregg, who matched the description given, was seated; and asked him to dismount. Gregg accompanied the officers off the bus and was given a "pat down" search for weapons. This search revealed a flashlight in his back pants' pocket. In response to inquiry, Gregg identified himself; explained his presence at the depot; and showed the officers $386 wadded in his hand.

The officers observed Gregg was extremely nervous, sweating profusely and the pupils of his eyes were extremely constricted despite poor lighting. The officers shined a flashlight in Gregg's eyes and noticed no apparent reaction to the light. Questions had to be repeated to him as though he were in a daze. The officers were experienced in narcotic law enforcement and each formed the opinion Gregg was under the influence of a narcotic.

Gregg was arrested for being under the influence of a narcotic and for burglary. He was told his *Miranda* rights, then searched. Heroin and narcotic paraphernalia were found in Gregg's pockets.

The courts in California ". . . have consistently held that circumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning. If the circumstances warrant it, he may in self-protection request a suspect to alight from an

automobile or to submit to a superficial search for concealed weapons. Should the investigation then reveal probable cause to make an arrest, the officer may arrest the suspect and conduct a reasonable incidental search.'' (*People* v. *Mickelson*, 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658].)

Gregg's suspicious activities as related to the officers by the ticket agent justified the officers' ''pat down'' search and questioning of him.

Gregg's dazed demeanor, profuse sweating, constricted eye pupils and lack of pupillary reaction support the conclusion reached by the officers, who were experienced in dealing with narcotic users, that Gregg was under the influence of a narcotic. Gregg's arrest was legal, being based upon probable cause to believe he was committing a misdemeanor in the officers' presence (violation of Health & Saf. Code, § 11721), and the search incident to that arrest was legal. (*People* v. *Davis*, 240 Cal.App.2d 496, 500-501 [49 Cal.Rptr. 663].)

The trial court correctly denied Gregg's motion to suppress the heroin evidence.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.