[Crim. No. 3210. Fourth Dist., Div. One. Nov. 21, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN ROBERT DAW, Defendant and Appellant.

562

George H. Chula for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—John Robert Daw was convicted after jury trial of possessing marijuana (Health & Saf. Code, § 11530). He was granted probation upon conditions, and appeals from the probation order deemed a final judgment (Pen. Code, § 1237).

On April 27, 1967, driver Daw and two companions were traveling east on Highway 80 near Lake Jennings Road

in Daw's Volkswagen bus when its loud noise and smoke belching attracted the attention of Deputy Sheriffs Gore and Rickly. Following Daw's vehicle, the officers observed it weaving several times from the shoulder to the center line of the freeway. Officer Gore suspected the driver might be intoxicated. The officers stopped the Volkswagen; they were justified in doing so to investigate possible Vehicle Code violations. (*People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Slade,* 264 Cal.App.2d 188, 189 [70 Cal. Rptr. 321].)

 Officer Gore went to the driver's side of the bus. The window was open and the officer noted a strong smell of incense. Gore asked Daw for his driver's license. Daw had difficulty locating it as he thumbed through his wallet. Gore then asked Daw to step from the vehicle. Daw alighted, had to support himself with his hand on the side of the bus, was unsteady on his feet, and walked with a floating effect, stepping higher than necessary, to the rear of the bus.

Gore asked Daw why he was unsteady. Daw replied he was under the influence of creation. Daw's eyes were dilated and his speech slurred. Asked if he had been drinking alcohol, Daw said he was under the influence of nature. Daw was asked at various times if he had used marijuana. He said ''Of course. Everybody that is, uses pot.'' Daw became very nervous when the subject of interrogation touched upon narcotics or marijuana. At one point when asked a question Daw spread his arms and stared at the sun without blinking.

Officers Gore and Rickly conferred after approximately ten minutes of questioning Daw. Rickly asked Gore if he thought Daw ''was under the influence of something, if he was drunk or something.'' Gore may have stated he thought Daw was under the influence of marijuana. Rickly testified ''there was some thought had passed through my mind he might be. But that I wasn't satisfied in my own opinion that that was the actual case.''

Rickly took over the questioning to satisfy himself ''beyond a reasonable doubt that he would be under the influence.''

Rickly asked Daw if he was under the influence of marijuana. Daw answered ''he was under the influence of all creation, nature. He was under God's influence. Something to that effect.'' There were several accusatory statements or questions directed to Daw by the officers regarding their feeling Daw was under the influence of marijuana.

The officers asked Daw if they could search the bus. He

564

responded, "Why ruin my life for something that will be legal in four months."

Officers Gore and Rickly again conferred and finally were able to agree there was sufficient evidence to arrest Daw for being under the influence of marijuana.

Rickly arrested Daw for being under the influence of marijuana, and told him his *Miranda* rights. Daw said he understood his rights.

There can be no question the officers' interrogation of Daw had reached an accusatory stage designed to elicit incriminating statements well before he was told his constitutional rights to counsel and to remain silent. Even more remarkable than the officers' belated advice to Daw is Daw's trial attorney's failure to object to the pre-*Miranda* warning admissions or to make any motion to strike them. The officers were not taken on *voir dire*. The damaging statements and admissions were revealed to the jury with no ruling concerning their admissibility requested of the trial court.

In the course of a motion to suppress evidence which was found by a search of the bus after Daw's arrest, Daw's attorney, at the end of the People's case, mentioned as a ground of that motion, "The admissions that came in after Officer Gore had formed an opinion, reasonably or not, was certainly a violation of *Miranda*." However, no motion to strike the admissions which had come in without objection was made. Because this trial was held after January 29, 1965, the date of the final decision in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], Daw's failure to object to the introduction of his pre-*Miranda* warning admissions operates as a waiver of the *Escobedo-Dorado* objection. (*People* v. *Doherty,* 67 Cal.2d 9, 13-14 [59 Cal.Rptr. 857, 429 P.2d 177]; *People* v. *Huddleston,*\* (Cal.App.) 69 Cal.Rptr. 857.)

As Officer Rickly arrested and warned Daw, Officer Gore searched the vehicle. He found a small wooden box containing four marijuana cigarettes located on a shelf under the dashboard to the left of the steering column. Daw and his companions were then arrested for possessing marijuana.

The officers radioed for a narcotics unit. Deputy Sheriff Narron responded and conducted a further search of the bus finding cigarette papers, a coin purse containing marijuana debris and a sandwich bag containing 43½ grams of marijuana, enough for 40 extra large marijuana cigarettes. The bulk marijuana was found in a suitcase belonging to one of

---

\*A rehearing was granted on July 25, 1968.

Daw's passengers. Marijuana debris was found in Daw's pockets.

After he had been told his *Miranda* rights, Daw admitted he knew marijuana was in the car. Daw and his passengers were on a trip to Mexico. He was asked why he was transporting marijuana into Mexico when it would be easily obtained there. Daw said it was a long trip and he would need it to relax. Daw tried to convince Officer Rickly marijuana was a good thing and offered to share it with Rickly.

Daw admitted at the trial the box in which the four marijuana cigarettes were found belonged to him. He denied ever having smoked marijuana or ever having seen marijuana.

■ Daw contends the warrantless, non-consensual search of his vehicle was illegal. Illegality is predicated upon the officers' surveillance of Daw's vehicle for one half to three quarters of a mile before stopping it. Contrary to Daw's contention, there is no Fourth Amendment right protecting against "unreasonable surveillance" of automobiles on a public highway by officers charged with the duty of detecting traffic violations. We have noted the officers were justified in stopping the vehicle for apparent Vehicle Code violations. Daw's arrest was justified, wholly apart from his admissions, by his appearance and acts reasonably indicating he was under the influence of a narcotic. (*People* v. *Davis*, 240 Cal. App.2d 496, 500-501 [49 Cal.Rptr. 663].) The search of the vehicle was legal as incident to Daw's arrest and the motion to suppress the discovered evidence correctly denied.

Daw's contention he was initially arrested for possessing marijuana before a search established probable cause to arrest for possession is based upon a misstatement of the record. Daw testified on direct examination by his counsel he was initially arrested for being under the influence of marijuana. It was after the search incident to his first arrest that Daw was arrested for possession.

■ The trial court erred by failing to give, on its own motion, a jury instruction that oral admissions of the accused should be viewed with caution. (*People* v. *Ford*, 60 Cal.2d 772, 799 [36 Cal.Rptr. 620, 388 P.2d 892] ; *People* v. *Deloney*, 41 Cal.2d 832, 840 [264 P.2d 532] ; *People* v. *Bemis*, 33 Cal.2d 395, 398 [202 P.2d 82].) The People concede error, but argue it was not prejudicial in this case.

■ An admission is "any statement by an accused relative to the offense charged." (*People* v. *Atchley*, 53 Cal.2d 160, 170 [346 P.2d 764].) ■ A failure to give the cau-

tionary instruction is not necessarily reversible error. (*People* v. *Koenig,* 29 Cal.2d 87, 94 [173 P.2d 1]; *People* v. *Wheelwright,* 262 Cal.App.2d 63, 71 [68 Cal.Rptr. 356].)

To determine whether the trial court's error was prejudicial, it is our duty to reweigh all of the evidence to determine whether in our opinion it is reasonably probable a result more favorable to the appealing party would have been reached in the absence of error. (*People* v. *Watson,* 46 Cal.2d 818, 835-836 [299 P.2d 243]; *Aldabe* v. *Aldabe,* 209 Cal.App.2d 453, 457 [26 Cal.Rptr. 208]; *People* v. *Wheelwright, supra,* 262 Cal.App.2d 63, 71.) The ultimate consideration is whether a miscarriage of justice has resulted within the meaning of article VI, section 13 of the California Constitution.

Ignoring all of Daw's extrajudicial statements, he was erratically driving a vehicle in which there was a strong odor of incense. An expert in the field of narcotic law enforcement testified people who are smoking marijuana will burn incense to kill the odor of marijuana. Daw stood unsteadily on his feet, walked with a floating effect, stared at the sun without blinking, spoke in a slurred voice and made nonresponsive answers to questions. His eyes were dilated and he reacted nervously when narcotics or marijuana were mentioned. The People's expert testified these factors indicated Daw was under the influence of marijuana. Marijuana cigarettes were found in a box Daw admitted in court was his and which was located on a shelf between the door and steering column on the driver's side of the vehicle owned and being driven by Daw. Marijuana was found elsewhere in Daw's vehicle and marijuana debris was found in his clothing.

Bolstering the above were Daw's statements made at the scene of the arrest after he was warned of his *Miranda* rights. Daw admitted knowing marijuana was in the car, tried to convince the officers marijuana was a good thing and offered to share it with the officers (a virtual confession, as an offer to share implies possession).

Would a cautionary instruction as to these admissions have led with reasonable probability to a different result? We think not. Daw's defense was his denial he made the statements attributed to him or acted as described by the officers and his denial he had ever used or seen marijuana. He was seriously impeached by evidence of the marijuana cigarettes in his wooden box and by the marijuana debris in his pockets.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.