Filed 1/25/16  Howell v. Nayssan CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| JOAN MARIE HOWELL, | B254112 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC111896) |
| v. | |
| FRED NAYSSAN, D.D.S., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elia Weinbach, Judge.  Affirmed.

Joan Marie Howell, in pro per.

Ford, Walker, Haggerty & Behar, James D. Savage, Kristi L. Thomas, and Adam C. Hackett for Defendants and Respondents.

_____

## INTRODUCTION

Joan Marie Howell appeals from a judgment of dismissal of her complaint, following an order granting summary judgment in favor of respondents Fred Nayssan, individually and doing business as Century City Dental Group, Elliot Nayssan, D.D.S., and Fred Nayssan, D.D.S., Inc. She contends the trial court lacked jurisdiction to issue the order granting summary judgment. She also alleges that she was denied her due process rights as a result of purported judicial bias. We conclude the trial court had jurisdiction to consider and rule on respondents' motion for summary judgment. We further conclude that appellant has failed to demonstrate judicial bias. Finally, we conclude that appellant has forfeited any other claim of error with respect to the order granting respondents' motion for summary judgment. Accordingly, we affirm the judgment of dismissal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Preliminarily, we note that appellant's opening brief violates rule 8.204 of the California Rules of Court by failing to concisely and clearly explain the factual and procedural background of the case. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented party must follow rules of appellate procedure].) Based upon the record and the appellate briefs, we deduce the following facts.

A. *The Complaint.*

On March 18, 2011, appellant filed a complaint against respondents and Shaun Daneshgar, D.D.S., asserting causes of action for professional negligence, breach of contract and fraud. She alleged that she was subject to a "bait and switch" scheme wherein she was initially informed she needed dental treatment

whose total cost was $10,000, but was later informed she needed more expensive dental treatment.

The complaint alleged that Elliot Nayssan, D.D.S., evaluated appellant in October 2007. At that time, it was agreed that appellant needed a root canal and other dental work, whose total cost was $10,000. At the next dental visit, however, Elliot Nayssan informed appellant that she needed a "full mouth restoration," whereby each of her upper teeth would be replaced by individual implants. The additional cost would be $8,000, but appellant could apply for financing and pay in installments. Two weeks later, he informed appellant that her lower teeth needed to be extracted, and the cost for the extractions would be an additional $10,000, for a total cost of $28,000.

The complaint further alleged that after appellant's teeth were extracted, Elliot Nayssan and his father, Fred Nayssan, D.D.S., advised appellant to postpone implant surgery until she had healed from the extractions. In January 29, 2008, appellant asked about the implant surgery, and was informed by the Nayssans that she would have to pay $18,000 in cash before the surgery could proceed. Appellant paid the Nayssans a total of $14,100 by October 23, 2008.

On October 28, 2008, Elliot Nayssan accompanied appellant to meet with Daneshgar, the surgeon. According to the complaint, Daneshgar stated that appellant was not a good candidate for implants because she had waited almost a year after her teeth had been extracted. Appellant later learned that the implant surgery should have been performed almost immediately after her teeth were extracted.

The complaint alleged that after Daneshgar performed "stage one" implanted surgery, appellant was informed she needed new dentures. When she visited Fred Nayssan, he asked for additional money. Informed that appellant had none, Fred

3

Nayssan stated that he would only be able to realign her old dentures. Subsequently, Daneshgar performed several more surgeries and provided ongoing instructions to appellant to be fitted for appropriate dentures.

The complaint further alleged that appellant was in extreme discomfort because of the ill-fitting dentures. On or about January 7, 2010, after consultation with Daneshgar and the Nayssans by telephone, appellant was assured that the Nayssans would replace the upper dentures and provide proper overlays for the implants on the bottom teeth. On or about January 11, 2010, appellant returned to the Nayssans to correct a problem with the overlays. Instead of correcting the problem, the Nayssans made it worse by changing the contours of her mouth, raising the lower teeth and making the upper teeth too short. After this visit, Daneshgar insisted that appellant should consult another dentist and not followup with the Nayssans.

B.    *Dismissal of Claims Against Daneshgar.*

On July 16, 2012, Daneshgar filed a motion for summary judgment on all claims against him. In support, he attached a declaration from a dental expert who opined that Daneshgar had complied with the applicable standard of care. On October 29, 2012, appellant (through her attorney of record, Neil C. Newson & Associates) filed a notice of nonopposition to the motion for summary judgment. Subsequently, the trial court (Judge John H. Reid) granted Daneshgar's motion for summary judgment, finding that there was "no opposition to it, . . . no expert testimony to it."

On November 9, 2012, appellant, in propria persona (pro. per.), filed an "ex parte motion" for reconsideration under Code of Civil Procedure section 1008 of the order granting Daneshgar's motion for summary judgment. She argued that she had not agreed to dismiss Daneshgar, and the dismissal order resulted from her

4

former attorney's misconduct. The trial court denied the motion, ruling that it could not be made on an ex parte basis, but must be brought as a noticed motion. Judgment in favor of Daneshgar was entered February 11, 2013. No notice of appeal from the judgment appears in the appellate record.

C.    *Claims Against Respondents.*

On July 30, 2012, respondents filed a motion for summary judgment. They asserted that their dental treatment was within the standard of care, as supported by a declaration from a dental expert. As to appellant's cause of action for breach of contract, respondents asserted that no enforceable contract was formed with respect to appellant's treatment plan. As to appellant's cause of action for fraud, respondents asserted that they had made no false representations: either the representations were true (such as the representation that her teeth needed to be extracted and that she could make installment payments), or respondents never made the representations (such as the representation that they would replace her existing teeth with individual crowns or that the cost would only be $10,000). Respondents produced an expert, who opined that the extractions were necessary, and documents demonstrating that appellant had made installment payments. As to the latter representations, during her deposition, appellant stated she discussed only implants (not crowns) with the Nayssans and that she had agreed to a total price of $32,000 on October 24, 2008.

Following several continuances due to substitutions of appellant's attorney of record, on March 20, 2013, the trial court (Judge Reid) issued a tentative ruling denying respondents' motion for summary judgment. The court noted that respondents' separate statement was confusing, and stated: "[Y]ou're the moving party. You have to get over the initial threshold, and I just don't have the time to sit there and try to figure out what -- when it's so piecemeal and put together so

5

confusingly." The court continued the hearing to July 9, 2013 in Department K to allow respondents time to refile their motion or, in the alternative, to file a motion for summary adjudication of the issues. It further found the case was complex and would remain in the West District (Santa Monica Courthouse). On April 1, 2013, the matter was reassigned for all purposes to Judge Gerald Rosenberg in Department K of the Santa Monica courthouse.

On May 6, 2013, the matter was deemed a "personal injury" case, transferred to Department 92 of the Stanley Mosk courthouse. The transfer resulted from the 2013 general restructuring of the Los Angeles Superior Court in response to systemic budget reductions. As part of the restructuring plan, all professional healthcare malpractice cases were categorized as personal injury cases, and all personal injury cases were assigned to Departments 91, 92, and 93 of the Stanley Mosk Courthouse.[1]

On May 23, 2013, appellant, in pro. per., filed an ex parte motion to find respondents in contempt of the court's March 20, 2013 order that purportedly (1) denied respondents' motion for summary judgment, (2) required respondents to meet and confer with appellant and to file a joint brief, (3) moved the case from the Stanley Mosk courthouse back to the Santa Monica courthouse, and (4) reassigned the matter to Judge Rosenberg. The trial court (Judge Rosenberg) denied appellant's ex parte application to find respondents in contempt. It further ruled

---

[1] We take judicial notice of the Fifth Amended General Order re Personal Injury Court (PI Court) Procedures, at page 2, which provides: "Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC opened three Personal Injury Courts ('PI Courts') (Departments 91, 92, and 93), and on January 6, 2014, a fourth (Department 97) to adjudicate all pretrial matters for these cases."

that "the case remains transferred to Department LA92, and that [appellant] is to comply with any order made in Department LA92."

On July 23, 2013, respondents refiled their motion for summary judgment. Appellant, in pro. per., filed an opposition on October 4, 2013. She argued that respondents' new separate statement did not comply with Code of Civil Procedure section 437c, subdivision (b)(1), and that her own statements regarding the events raised a triable issue of material facts. Appellant also argued that expert declarations from Dr. Nadim Z. Baba and Shawn Rad, D.D.S., raised a triable issue of fact as to the professional negligence claim. Dr. Baba opined that the dental work performed was below the dental standard of care, and Dr. Rad opined that "it was not imperative for all of Ms. Joan Howell's teeth to be extracted immediately."

In reply, respondents argued that appellant had failed to cite any admissible evidence to dispute their material facts. Respondents further argued that appellant's expert evidence was not competent, as neither Dr. Baba's nor Dr. Rad's declaration established a foundation for their respective opinions.

At the October 10, 2013 hearing on respondents' motion for summary judgment, the trial court (Judge Rafael Ongkeko) found that appellant's opposition -- filed less than a week before -- was untimely and violated numerous California Rules of Court. As a result, it was "impossible for the court to meaningfully review the opposition papers." The court continued the hearing until November 18, 2013. Appellant was ordered to properly file and serve her supplemental opposition papers by November 4, 2013.

In the interim, appellant filed numerous motions to transfer the matter back to the Santa Monica courthouse; all were denied. On November 15, 2013, appellant was granted an extension of the deadline to file her supplemental

7

opposition. The hearing on respondents' motion for summary judgment was continued to December 16, 2013.

On December 16, 2013, the matter was called by Judge Daniel Buckley. After reviewing Judge Buckley's tentative ruling granting respondents' motion for summary judgment, appellant moved to disqualify the judge pursuant to Code of Civil Procedure section 170.6. Judge Buckley accepted the motion to disqualify, and the matter was continued to January 7, 2014. Appellant was ordered not to file any additional paperwork.

Appellant then filed two ex parte applications to transfer the matter back to the Santa Monica courthouse and have it assigned to an Independent Calendar Judge. Both applications were summarily denied.

On January 7, 2014, following a hearing, the trial court (Judge Elia Weinbach) granted respondents' motion for summary judgment. The court found respondents' moving papers were sufficient to meet their burden to show their entitlement to judgment as a matter of law. It found that appellant's papers were procedurally defective. Moreover, the court determined that even if appellant's evidence were considered, it failed to raise a triable issue of material fact as to any of her causes of action. Judgment in favor of respondents was entered January 23, 2014.

On January 22, 2014, appellant filed a notice of appeal from the order entered January 7, 2014. We exercise our discretion to construe the premature notice of appeal as one from the final judgment entered on January 23, 2014. (See Cal. Rules of Court, rule 8.104(d)(2) ["The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment"]; see also

*People v. Gregg* (1968) 267 Cal.App.2d 567, 568 [exercising discretion to treat a premature notice of appeal as filed immediately after rendition of judgment].)

## DISCUSSION

As an initial matter, we note that appellant challenges the dismissal of her claims against Daneshgar. However, we have found in the appellate record no notice of appeal from the February 11, 2013 judgment in favor of Daneshgar. The notice of appeal filed January 22, 2014 does not identify the February 11, 2013 judgment as being appealed and, in any event, it would be untimely. Thus, we dismiss any challenge to the disposition of appellant's claims against Daneshgar. (See *Say & Say v. Castellano* (1994) 22 Cal.App.4th 88, 92 [dismissing appeal where no appealable judgment or order within 60 days of the filing of notice of appeal was identified, and any other judgment or order would be untimely].)

With respect to the dismissal of her claims against respondents, appellant contends the trial court lacked subject-matter jurisdiction to enter the order granting respondents' motion for summary judgment. According to appellant, her case should have been transferred from Department 92 of the Stanley Mosk courthouse back to an Independent Calendar court. She further contends that the trial court "nullified" Code of Civil Procedure section 1003 by "vacating" Judge Reid's tentative denial of respondents' motion for summary judgment.[2] We disagree.

It is well established that a "cause is before the court, not the individual judge of that court, and the jurisdiction which the judge exercises is the jurisdiction

[2]     Code of Civil Procedure section 1003 provides: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

9

of the court, not of the judge." (*People v. Osslo* (1958) 50 Cal.2d 75, 104.)  As the California Supreme Court has explained:  "Jurisdiction is vested by the constitution in the court, not in a particular judge or department. . . .  Whether sitting separately or together, the judges hold but one and the same court.  The division into departments is for the convenient dispatch of business.  [Citation.]  A transfer from one department to another is not a transfer of the jurisdiction of the cause, which remains at all times in the court as a single entity.  [Citation.]"  (*Tubby v. Tubby* (1927) 202 Cal. 272, 276; see also 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 226, p. 311 ["[T]he authorized and procedurally sufficient transfer or reassignment of a cause that has been set for trial or hearing, to another department, is not a transfer of jurisdiction but merely a convenient means of securing a speedy determination."].)

Appellant contends the case was improperly transferred.  We find no abuse of discretion in the transfer of the case, or in the denial of appellant's motions to transfer the case back to the Santa Monica courthouse.  Pursuant to rule 2.2 of the Los Angeles Superior Court Local Rules, all personal injury actions must be filed in the Stanley Mosk courthouse.  A personal injury action includes "Medical Malpractice-Physician & Surgeons" and "Other Professional Health Care Malpractice."  The gist of appellant's action is medical malpractice.  Thus, the transfer of the matter to the Stanley Mosk courthouse was not erroneous.

Moreover, even had the matter been improperly transferred to Department 92 of the Stanley Mosk courthouse, the trial court would not have lacked jurisdiction over it.  (See *White v. Superior Court* (1895) 110 Cal. 60, 68 ["[I]t is perfectly obvious that, however proper those rules [assigning cases] may be, or however desirable or essential to the impartial and orderly conduct of the business of the court that they should be adhered to, their violation in any instance cannot

10

affect the jurisdiction of the court over a cause"]; see also 2 Witkin, *supra*, Courts, § 227, p. 227 ["Whether the transfer is to the wrong department, or is to the right department without the proper notice, or is otherwise improper, the result is the same so far as jurisdiction is concerned. As between ordinary departments of the superior court, trial or hearing in the 'wrong' department is a procedural irregularity only."].) Accordingly, the trial court did not lack jurisdiction to consider and rule on respondents' motion for summary judgment.

With respect to the alleged "nullification" of Judge Reid's tentative ruling denying respondents' motion for summary judgment, we note that Judge Reid never adopted his tentative. Rather, Judge Reid specifically allowed respondents an opportunity to refile the motion and correct their procedural errors. In any event, "a trial court's tentative ruling is not binding on the court," and a court may change its ruling until such time as the ruling is reduced to writing and becomes the *final* order of the court. (*Silverado Modjeska Recreation & Parks Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300.) Accordingly, there was no illegal "nullification," and the trial court acted within its authority in granting respondents' motion for summary judgment.

Appellant further contends that various judicial officers, including Judge Weinbach, were biased against her. She asserts that various judicial officers made demeaning and intimidating statements to her, but singles out only Judge Weinbach's admonishment to her during the hearing on the motion for summary judgment that she had "three more minutes" left for argument. We have reviewed all transcripts of court proceedings in the appellate record and find no demeaning or intimidating comments. As to Judge Weinbach's comment, appellant filed numerous opposition papers which the judge reviewed, and appellant was provided

11

ample opportunity to make her arguments. That Judge Weinbach limited further argument does not evidence bias.

Appellant contends she was denied her due process right to present her opposition to the summary judgment motion. As detailed above, the record demonstrates she was provided ample opportunity to file and supplement opposition papers and to present her arguments. We reject appellant's claim that she was hampered in her ability to oppose the motion for summary judgment by court personnel who "sabotaged" her pleadings, as there is no evidence in the record to support the allegation.

Appellant argues that the trial court granted respondents' motion for summary judgment "without having considered the facts, the law [or] the evidence." The record is to the contrary, and affirmatively demonstrates the trial court's review of the voluminous paperwork associated with the motion. Notably, aside from this generic claim, appellant does not otherwise challenge the merits of the trial court's order. She makes no reasoned legal argument and cites no competent admissible evidence in the record that would raise a triable issue of material fact. Thus, appellant has forfeited any challenge to the merits of the court's order granting summary judgment. (See *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [any issue not adequately raised or supported deemed forfeited]; accord, *Diamond Springs Lime Co. v. American River Constructors* (1971) 16 Cal.App.3d 581, 608.)

Finally, appellant contends the trial court's grant of summary judgment deprived her of her right to trial by jury. However, a properly granted summary judgment does "not improperly take away [the] constitutional right to a jury trial." (*Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 991.) As stated above, appellant

has neither cited evidence in the record nor provided legal authority to demonstrate that the trial court erred in granting respondents' motion for summary judgment.

**DISPOSITION**

The judgment is affirmed.  Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.

13