[Crim. No. 6049.   Second Dist., Div. Two.   Mar. 19, 1958.]

THE PEOPLE, Respondent, v. ARNOLD WEBB, Appellant.

Walter L. Gordon, Jr., and James L. Garcia for Appellant.

Edmund G. Brown, Attorney General, Elizabeth Miller and Joe J. Yasaki, Deputy Attorneys General, for Respondent.

FOX, P. J.—Defendant was convicted of violating Penal Code, section 288 (count one), and section 288a (count two). He appeals from the judgment and order denying his motion for a new trial.

John, the victim in this case, was approximately 11½ years of age when the incident took place on August 30, 1956. John lived at a boys' home. Adjacent to the home is a public school which is enclosed by a fence. Boys were not allowed on the school grounds during the summer. Defendant was a custodian of the school. John knew the defendant and talked to him "at the fence" practically every day during the summer. Just after lunch on the day in question John and two other boys from the home (Terry and Jim) went over to the school. Defendant's car, which he had washed during the noon hour, was parked near one of the school bungalows. Defendant was there talking to Mr. Stiers, a plumber, who was doing some work at the school. According to the testimony for the prosecution, defendant came over to the gate, stated that he wanted John to do a job for him, and unlocked the gate. Terry was riding a bike at the time. Jim started to enter but defendant said to him, "You wait here," so Jim stayed at the gate.[1] John came in. As he and John entered one of the bungalows defendant had his arm around John's shoulder. They went to a restroom where defendant closed and locked the door. There defendant forced John to commit an act denounced by section 288a of the Penal Code.[2] When defendant opened the door John ran out and went to the gate where Terry and Jim were waiting. John was "spitting all the way home," according to Terry, who had seen defendant and John walk down by the bungalow after defendant let John into the school grounds. John told the boys what had happened and went directly to the superintendent of the boys' home and complained to him.

Defendant denied going into any of the bungalows with

---

[1]Defendant's testimony as to this phase of the incident was as follows:

"What took place after you saw the boys?

"Well, it was about a little after 12:00, and I was there drying my car. I had washed it. Mr. Stiers and I was there, and the boys was at the fence. He called, and Mr. Stiers said, 'There is a boy,' which I knew.

"I went down there to see what he wanted, and he said he wanted to come in the playground and play with the other two little boys.

"So I opened the gate and let him in. One little boy was on the bike, and he was riding around on the outside, and this other little boy who was with him stayed there, too, and John . . . he came in and went down on the sidewalk on the other side of the building, and I went around and came back to Mr. Stiers, and we went down in the basement and started to work."

[2]Penal Code, section 288a, provides, in part: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment. . . ."

John and denied any misconduct with him. The school principal testified that he had not had any complaints that defendant had molested any of the school children, and that defendant's reputation among persons employed at the school was good as to morals and sex habits.

Defendant's first contention is that "The evidence was highly improbable, and therefore insufficient to justify the judgment of conviction." There is no merit in this contention.

In *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758], the court stated: "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. [Citation.] To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.]"

Tested by these principles, it is clear that the testimony of the victim in this case is not inherently improbable. The trial judge believed it and there is no legal reason why he should not have done so. He simply exercised his judgment in determining where the truth lay. Such determination is binding on appeal. The story of John thus having been given credence, it follows that the evidence amply sustains the conviction.

Defendant's second contention is that he was improperly convicted of violating both section 288 and section 288a of the Penal Code. He argues that under the rule expressed in *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512], he should have been convicted only of a violation of one of these sections. In the Greer case the defendant was convicted of violating Penal Code, section 261, subdivision 1 (statutory rape) and 288 (lewd or lascivious conduct). The Supreme Court held that although section 288 specifically includes acts constituting other crimes mentioned in part one of the Penal Code, a person could not be convicted of both a violation of section 288 and a violation of section 261, subdivision 1 *for the same*

*act.* The reasoning of the Greer case applies directly to the case at bar even though this case involves a different section of the Penal Code. The court stated (p. 603) : ''Section 288 now specifically includes acts constituting other crimes and permits a greater penalty for those acts, if they are committed with the specified intent, upon a child under 14 years of age. The intent could normally be inferred from the very nature of the acts now under consideration. Had the Legislature wished to punish defendant once for statutory rape and once for lewd and lascivious conduct, for the same act, it could have done so in plain language. Instead, the crime of statutory rape is included within section 288 by that section's own terms, and the rape forms the basis for the prosecution under section 288. There is no indication on the face of the amended statute that the policy contained in the old statute forbidding double punishment has been changed. The mischief caused by the old language cannot arise under the amendment. Now statutory rape committed upon the body of a child under 14 years of age can be punished as a lewd and lascivious act. It cannot, however, be punished twice, as statutory rape and as lewd and lascivious conduct. Doubts as to the meaning of the amended section are resolved against double punishment for the same act.''

Section 654 of the Penal Code provides : ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either bars a prosecution for the same act or omission under any other. . . .''

When the victim is a child under the age of 14, an act of sexual perversion is expressly made punishable in different ways[3] and by different provisions of the code—namely, sections 288 and 288a. Therefore, a conviction for violation of one of these sections bars a concomitant conviction for violation of the other when both convictions are based upon the same act. (See *People* v. *Slobodion,* 31 Cal.2d 555, 561-562 [191 P.2d 1].) The defendant's act under such circumstances may be punished either as sex perversion or as lewd and lascivious conduct, but not as both. (See *People* v. *Greer, supra,* p. 603.)

The attorney general does not quarrel with the principles set

---

[3]A violation of section 288 carries with it a maximum penalty of life imprisonment whereas the maximum penalty under section 288a is imprisonment for 15 years.

forth above. However, he argues that the two convictions in the instant case are based upon separate acts. It is asserted that while the conviction for violation of section 288a was based upon defendant's act of sexual perversion, his conviction for violation of section 288 was based upon defendant's entirely separate act of placing his arm around the boy's shoulder at the time he was taking the boy into the bungalow. We cannot agree with this contention. ■ The elements comprising the offense defined in section 288 are: (1) a lewd or lascivious act, that is, an act which is lustful, immoral, seductive or degrading; (2) the commission of such act upon the body, or any part thereof, of a child under 14 years of age; and (3) the act must be committed with the intent of arousing or appealing to the lust or sexual desires of the accused or the child. (*People* v. *Romersa,* 111 Cal.App.2d 173, 178 [244 P.2d 98]; *People* v. *Showers,* 90 Cal.App.2d 248, 253 [202 P.2d 814].) ■ Regardless of any intent which defendant might have had when he put his arm around the shoulder of the boy on their way to the bungalow, that act does not come within the meaning of "lewd" or "lascivious." Placing one's arm around the shoulder of a boy under the circumstances present in this case cannot be said to be lustful, immoral, seductive or degrading. The act took place in broad daylight before defendant and the boy had withdrawn to the privacy of the bungalow. Such a casual act would not be considered so unnatural as to invite the scrutiny of even the most suspicious mind. It is inconceivable that any court would convict a man of a violation of section 288 upon the mere proof of an act such as this. The cases cited by the attorney general in this connection all involved acts which came clearly within the meaning of "lewd" or "lascivious" as those words are used in section 288.

■ Nor may defendant's conviction for violation of section 288 be based upon his placing his hands on the boy just prior to forcing the act of sexual perversion upon him. Such touching was merely preparatory to the commission of the act denounced by section 288a, and was, therefore, a part of that offense. (See *People* v. *Greer, supra,* p. 604; *cf. People* v. *Slobodion, supra,* p. 563.)

The attorney general also relies upon *People* v. *Slobodion, supra,* in which convictions of violating both section 288 and section 288a were sustained. The facts in that case showed that the defendant committed four separate acts upon the body of the prosecutrix, all within a short period of time.

Two of these acts violated section 288a (although also punishable under section 288) and, the other two acts constituted a violation or attempted violation of section 261, subdivision 1 although these also were punishable under section 288). Thus, even though all the acts were committed within a relatively short time, Slobodion was properly convicted of violating both section 288 and section 288a since he had committed acts separately denounced in two code sections independent of section 288. The case has no application to the case at bar because here defendant committed but one unlawful act. While this act was punishable under either section 288 or section 288a, it was not punishable under both.

■ It is thus clear that defendant's two convictions cannot stand. The judgment of conviction of the less severely punishable offense (i.e., violation of section 288a) should be reversed. (*People* v. *Brown*, 49 Cal.2d 577, 593 [320 P.2d 5].)

For the reasons above stated the judgment and order as to count 1 are affirmed and the judgment and order as to count 2 are reversed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

A request for modification of the opinion was denied April 9, 1958, and respondent's petition for a hearing by the Supreme Court was denied May 14, 1958.

*Assigned by Chairman of Judicial Council.