[Crim No. 3639.   First Dist., Div. One.   Oct. 26, 1959.]

THE PEOPLE, Respondent, v. RODNEY JOHN NORMAN MELGARD, Appellant.

*Assigned by Chairman of Judicial Council.

Erwin C. Nielsen, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—The sole question upon this appeal is whether or not defendant's conviction of statutory rape (Pen. Code, § 261, subd. 1)[1] and of lewd and lascivious conduct with a child under 14 years of age (Pen. Code, § 288)[1] constitutes double punishment for the same act, proscribed by section 654 of the Penal Code.

It all happened in defendant's car, into which he had forcibly taken the victim. Our examination of the record convinces us that the evidence supports a conviction of violating either of these sections but not punishment under both. Accordingly, "the judgment of conviction of the less severely punishable offense should be reversed" and the other affirmed (*People* v. *Brown*, 49 Cal.2d 577, 593 [320 P.2d 5]); i.e., reversed as to Count Six (Pen. Code, § 261, subd. 1), affirmed

---

[1]Count Four charged the violation of section 288; Count Six, the violation of section 261, subdivision 1.

Each count gave the name of the victim (the same in each case), described as a female child of the age of nine years, and alleged that the offense occurred on the 27th of August, 1958.

Defendant was convicted of three other offenses, charged in Counts One, Two and Three, but has not questioned those convictions upon this appeal.

as to Count Four (§ 288) and the counts which defendant has not challenged.

◼ The applicable principles of law we find recently expressed by Justice Schauer in these words: "The applicability of section 654 depends upon whether a separate and distinct act can be established as the basis of each conviction. . . . Multiple convictions have been affirmed in cases in which separate and divisible acts have been proved as the basis of each conviction even though those acts were closely connected in time and were part of the same criminal venture. . . . ◼ It is only when the two offenses are committed by the same act or when that act is essential to both that they may not both be punished. [Citation.]" (*In re Chapman*, 43 Cal.2d 385, 389-390 [273 P.2d 817].)

What are the acts which respectively make up the crimes here charged?

Rape as defined in section 261, subdivision 1, "is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under . . . the following circumstances: . . . Where the female is under the age of eighteen years. . . ." "Any sexual penetration, however slight, is sufficient to complete the crime." (Pen. Code, § 263.)

The other crime charged is described by section 288 in these words: "Any person who shall wilfully and lewdly *commit any lewd or lascivious act* including any of the acts constituting other crimes provided for in part one of this code *upon or with the body, or any part or member thereof, of a child* under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child." (Emphasis added.)

◼ It is apparent that the rape of a 9-year-old girl would be punishable as a violation of either section 261, subdivision 1, or section 288. For punishment under both sections there would have to be two separate acts of rape or one of rape and a lewd or lascivious act *separately committed* "upon or with the body, or any part or member thereof, of . . . [the] child."

◼ What does the significant evidence in this case show? Does it show separate and distinct acts in support of each conviction or an act or acts essential to both?

The victim testified that defendant was wearing jeans but no shirt, and told her to take off her clothes. She removed her pedal-pushers but refused to take off her panties. He said she had better take them off or he would. So, she removed them.

He unzipped his pants, took his penis out, and said he was going to play with it.[2] He put his penis into her. It hurt. She tried to yell but he put his hand over her mouth and held her down on the seat of the car. Before he put his penis in, "he put spit on his hand, then put it on me."

A medical expert who examined her soon thereafter testified that he found a laceration of the vagina and live sperm in the vagina. He expressed the opinion that the child had been assaulted and that penetration had been made.

Defendant testified at the trial that he did not rape the little girl, that he did not molest her at all, that he did not pick her up.

A statement which defendant gave to three deputy sheriffs was taken down and transcribed by a court reporter and read to the jury. Defendant said he grabbed her, put her in the car, drove on and pulled off into an orchard. She asked him what he was going to do and her told her he was going to masturbate, "which I did." He did not insert it into her; at the time of ejaculation he had it between her legs; there was no penetration; he laid it on the vagina at the time of ejaculation and did not penetrate. He did not play with her with his hands; he did not make penetration with his finger or anything. He did not play with her at all; he put his hand there and started to and she said something and he stopped.

There is some evidence of fondling. It came in through testimony given by a deputy sheriff at the hearing before the grand jury. He narrated from memory some of the statements which, according to his recollection, the defendant made out of court. The officer was speaking of the very same statement which was taken down and later transcribed by a court reporter and read to the jury at the trial of this case. The officer in his testimony before the grand jury said that defendant denied that he had had sexual intercourse with the little girl but admitted he had fondled her. This testimony is not definitive. It does not indicate whether the fondling occurred

---

[2]Asked if he did play with it, she said he did not, that he just touched it and said he was going to play with it, "that's all."

Asked whether she now remembers whether he played with it or not and whether she remembers telling the grand jury that he did, she said she does not now remember.

When before the grand jury, she testified that upon unzipping his pants he said "he was going to play with it" and he did play with it, before putting it into her.

The transcript of the evidence before the grand jury, pertinent to this case, was read to the trial jury. This was done at the request of defense counsel who expressly waived any objection to it.

before, during or after the masturbation or the rape, or separately therefrom or incidental thereto. Moreover, it is contrary to the same statement of the defendant as taken down and transcribed by the reporter. It is too indefinite and insubstantial to serve as a basis for a conviction of violating section 288 of the Penal Code as an offense separate from the rape.

Clearly, we have ample evidence of the rape of a 9-year-old girl, a violation of section 261, or of section 288, but because it was a single act of intercourse, not punishable under both sections.

The only other "act" (than penetration) committed "upon or with the body, or any part or member thereof" of this girl was the act of lubricating her with his saliva. It seems clear that that act was preparatory to the act of sexual intercourse and so closely connected with it as to be a part of it and inseparable from it.

This presents a near replica of the situation that was found to exist in *People* v. *Webb*, 158 Cal.App.2d 537 [323 P.2d 141], in which the Supreme Court denied a hearing after decision by the District Court of Appeal. Presiding Justice Fox, speaking for the appellate court, said that defendant's merely "placing his hands on the boy just prior to forcing the act of sexual perversion upon him [§ 288a]" was not a separate offense in violation of section 288. "Such touching was merely preparatory to the commission of the act denounced by section 288a, and was, therefore, a part of that offense." (P. 542.)

Similarly, in our case, there was a failure to show a violation of section 288 separately from a violation of section 261, subdivision 1, of the Penal Code. Masturbation in the presence of this child (without touching her) if we may look upon it as a proven act (separate from the act of rape), well might be a violation of section 273g, of section 311, of section 647a, or of section 650½ of the Penal Code, but none such was charged in the indictment presented by the grand jury in this case.

That portion of the judgment which imposes sentence for a violation of Count Six of the indictment (violation of § 261, subd. 1, on or about August 27, 1958) is reversed; in all other respects the judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.