[Crim. No. 40863. Second Dist., Div. Five. Feb. 23, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
OTIS DOWE PERKINS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Jean R. Sternberg, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Ronald D. Smetana, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—In a four-count information filed on March 17, 1980, defendant Otis Perkins was charged with violations of Penal Code section 261, subdivision (2); Penal Code section 261, subdivision (3); Penal Code section 288, lewd conduct with a child under the age of 14; and Penal Code section 261.5, unlawful sexual intercourse. Two prior convictions were alleged, one for escape without force in violation of Penal Code section 4532, subdivision (a), and the other for assault with intent to commit a felony in violation of Penal Code section 220. On March 19, 1980, defendant pled not guilty and denied the prior convictions. Subsequently, on May 19, 1980, after being advised of his constitutional rights, defendant admitted the priors.

On May 12, 1980, defendant filed a motion pursuant to Evidence Code section 782 to introduce evidence of the victim's sexual conduct for the purpose of attacking her credibility. This motion was denied without prejudice on May 20, 1980. Defendant also made a motion pursuant to Penal Code section 1118.1 regarding the Penal Code section 261, subdivisions (2) and (3) counts at the close of the People's case, which was denied.

The jury on May 23, 1980, found defendant not guilty of violating Penal Code section 261, subdivisions (2) and (3). Defendant was found guilty of violating Penal Code sections 288 and 261.5. With the guilty finding for unlawful sexual intercourse, the jury recommended that defendant be incarcerated in the county jail pursuant to Penal Code section 264. After a hearing pursuant to Welfare and Institutions Code

section 6300, determining that defendant was not a mentally disordered sex offender, the court on July 17, 1980, sentenced defendant for the violation of Penal Code section 288 to a three-year lower term at the California Medical Facility at Vacaville. Pursuant to Penal Code section 654, the conviction for a violation of Penal Code section 261.5 was stayed. Defendant received credit for 77 days spent in custody.

This instant appeal followed with defendant contending that the lewd conduct was based upon an act which was preparatory to the unlawful sexual intercourse. Because of this, there could not be a separate conviction for the lewd conduct. Additionally, defendant argues that the act comprising the charge for lewd conduct was not lewd or lascivious under Penal Code section 288. Defendant asserts that the sentence for violation of Penal Code section 288 constituted cruel and unusual punishment. Defendant maintains that reversible error was committed by not admitting evidence of prior specific instances of nonsexual conduct of the alleged victim, which was relevant to her credibility and defendant's guilt. Lastly, defendant asserts that it was error for the court to instruct on admissions by defendant because he had made no admissions.

While agreeing with defendant that the act which supported the conviction for lewd conduct under Penal Code section 288 was not a separate offense from the unlawful sexual intercourse violation under Penal Code section 261.5, we nevertheless affirm the guilty verdict, because this error was cured by staying the sentence on section 261.5 pursuant to Penal Code section 654.[1]

Relative to the issues raised on appeal, the facts developed at trial are: defendant and his wife were looking after Miss P., age 13, while her mother visited defendant's father, a close friend of her mother's. Defendant's wife asked P. to accompany appellant later in the day to the market, which she did. Defendant did not stop at the market, but in a field adjacent to a road a distance from the market.

Defendant "slid over on the seat" and put his arm around P. Upon being asked not to, defendant ceased his advances. P. appears to have

---

[1]Penal Code section 654 provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; ..." All section references herein are to the Penal Code unless otherwise noted.

then gotten out of the truck. Defendant brought her back to the truck and they got in again. Defendant renewed his advances and forced himself upon P., committing an unlawful act of sexual intercourse.

Adverting to defendant's first issue of the lewd conduct being preparatory to the unlawful sexual intercourse, we conclude that it was. The People urge that defendant's placing his arm around P. was a separate act punishable under section 288. *People* v. *Greer* (1947) 30 Cal.2d 589, 600 [184 P.2d 512], and *People* v. *Webb* (1958) 158 Cal.App.2d 537, 542 [323 P.2d 141], compel a contrary conclusion.

*People* v. *Greer, supra*, 30 Cal.2d at page 600, sets forth the rule that "if the touching of the prosecutrix's body ... was essentially such touching as would be considered a part of the rape itself, it could not serve as a basis for a separate conviction. If, on the other hand, it was clearly not a part of the rape, but a part of a separate course of conduct, it could be held a separate offense."

The facts as we read them reveal that defendant's putting his arm around P. was not a separate course of conduct, but part of defendant's preparation for unlawful sexual intercourse upon her. There seems little doubt that defendant wanted to have intercourse with P. and indeed this unlawful act was the only act done by defendant. We cannot say that defendant's placing his arm around P., without anything more, was a separate punishable act.

In *People* v. *Webb, supra*, 158 Cal.App.2d 537, where the defendant was charged with lewd conduct and oral copulation with a boy under the age of 14, the basis of the conviction for a lewd act under Penal Code section 288 was the defendant's placing his arm around the shoulder of the boy while taking the boy into a bungalow where the unlawful conduct was engaged in. The court held that "[r]egardless of any intent which defendant might have had when he put his arm around the shoulder of the boy on their way to the bungalow, that act does not come within the meaning of 'lewd' or 'lascivious.'" (*Id.* at p. 542.) Under those circumstances, the court held that the casual act was not a separate one. The court also held that defendant's act of placing his hands on the boy prior to copulation was not a separate act punishable under section 288; it held the act to be preparatory and part of the oral copulation. (*Ibid.*)

Following the court's holding in *People* v. *Webb, supra*, we believe defendant here committed but one unlawful act, unlawful intercourse.[2] Without running afoul of section 654, that act could be punished as a violation of section 288 or 261.5, but not both, which the trial court recognized at sentencing.

The People assert that *People* v. *Austin* (1980) 111 Cal.App.3d 110 [168 Cal.Rptr. 401], is applicable. There, defendant accosted a child, who was playing with her friends, with a drawn knife and asked if she wanted to earn some money by pulling her pants down. Defendant then pushed the child into an orange grove with the knife still drawn, where he paid her to pull her pants down in front of him. (*Id.* at p. 112.)

The trial court dismissed the section 288 charge, for lack of a touching. The appeals court found that the defendant's contact in pushing the child would be sufficient if he did it for the purpose of immediate sexual gratification. The court found that defendant had declared some of his lustful desires when he first accosted the child. The court could not hold as a matter of law that the touching was unrelated to sexual stimulation. (*People* v. *Austin, supra*, at pp. 113-114.)

Additionally, the court held that the victim's act of pulling her pants down also constituted a touching because it was done at defendant's instigation. (*People* v. *Austin, supra*, at p. 114.) We disagree with the reasoning employed by the court and will not follow it here.

The act of pushing the victim into the orange grove was clearly preparatory to and a part of the subsequent act of having her pull down her pants; it was not punishable as a separate act under *People* v. *Webb*. As the dissent correctly pointed out in *Austin*, 111 Cal.App.3d at page 118: "As *Webb* makes clear, (*id.* at p. 542)—and the majority opinion obfuscates—lustful intent plus an innocuous touching prepara-

---

[2] It would be artificial to hold here that defendant's touching was separate from the unlawful intercourse which momentarily followed. The People's reliance on *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1], and *People* v. *Parker* (1925) 74 Cal. App. 540 [241 P. 401], is misplaced. In *People* v. *Slobodion, supra*, at page 557, defendant helped remove some of the victim's clothes and then performed a number of unlawful sexual acts upon her. Each act was separate and punishable, whereas in the case at bar there was one act of intercourse. In *People* v. *Parker, supra*, at page 544, defendant put his arms around the child while kissing her and rubbing her underclothes, and pulled down his victim's underclothes, prior to the unlawful intercourse. Again, there were distinct unlawful acts, while here defendant merely put his arm around P. Because we conclude that defendant's putting his arm around P. was not a separate act, we do not discuss defendant's assertion that this act was not lewd.

tory to the ultimate lewd or lascivious act does not a section 288 violation make."

Faced with a double conviction for the same act, a trial court to avoid "multiple punishments in a situation where section 654 applies is to stay execution of sentence as to the less seriously punishable offense."[3] (*People* v. *Williams* (1975) 51 Cal.App.3d 65, 67 [123 Cal.Rptr. 891].) *People* v. *Miller, supra*, 18 Cal.3d at page 886, establishes that the stay is to be effective pending the successful completion of the sentence on the more serious crime, after which the stay becomes permanent.

In violating section 261.5, section 264 provides for either imprisonment in the county jail for not more than one year or in the state prison, with the jury recommending the place of imprisonment. A section 288 violation is punishable as a felony with a state prison term of three, five, or seven years. Section 288 is the more seriously punishable offense and the trial court properly stayed the sentence for the violation of section 261.5. Having anticipated the problem under section 654 in its sentencing, the trial court committed no error in convicting defendant of violating sections 261.5 and 288.[4] We, though, will modify the verdict to provide that the stay for the section 261.5 conviction will be effective pending the completion of defendant's sentence for violating section 288, after which the section 261.5 sentence stay will become permanent.

As to the other matters of which defendant complains, he contends that assuming the validity of the section 288 conviction, the three-year

---

[3]*People* v. *La Fontaine* (1978) 79 Cal.App.3d 176, 184 [144 Cal.Rptr. 729], establishes that section 654 proscribes double punishment but not double conviction. (See *People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552].)

[4]This conclusion eliminates the need to reach defendant's next contention that the conviction should be reversed because it cannot be determined if the jury would have returned a different verdict had only one of the section violations been asserted by the People.

As *People* v. *Webb* and *People* v. *Greer* make clear, while defendant could be charged for unlawful intercourse under either section 288 or 261.5, the erroneous conviction under both sections for one unlawful act is remedied not by a reversal of the more serious conviction or both convictions as defendant urges, but by sentencing on the more serious offense and staying the less serious conviction. (See *People* v. *Nicholson* (1979) 98 Cal.App.3d 617, 625-626 [159 Cal.Rptr. 766].)

Defendant's use of *People* v. *Green* (1980) 27 Cal.3d 1, 67-74 [164 Cal.Rptr. 1, 609 P.2d 468], is not persuasive here, because the court could not determine from the record which theory supported the general verdict of guilt. (*Id.* at p. 69.) There is little doubt here as to what theory supported the conviction.

sentence for it constitutes cruel and unusual punishment. The standards for such a determination are set forth in *In re Lynch* (1972) 8 Cal.3d 410, 424-429 [105 Cal.Rptr. 217, 503 P.2d 921].

■ From a review of the facts in this case, we cannot say that the sentence of three years for violating section 288 is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch, supra*, at p. 424.) A comparison between the punishment of this act and that for other more serious ones does not yield a different conclusion.

Defendant next asserts that evidence of prior specific instances of nonsexual conduct of P. should have been admitted. Defendant attempted to introduce evidence that P. had previously filed charges of unlawful sexual intercourse and that P. had done it out of fear of her mother, telling her sister that it had not actually occurred. The court denied the motion for two reasons: first, the evidence was legally insufficient because the man had pled guilty to a violation of section 261.5; second, the affidavit was insufficient by failing to adequately set forth more complete evidence of P.'s past conduct. The motion was denied without prejudice and the court indicated that defendant could renew this motion.[5]

Without disagreeing with the principles set forth in *People* v. *Wall* (1979) 95 Cal.App.3d 978, 984-987 [157 Cal.Rptr. 587], permitting collateral evidence of prior nonsexual conduct of a victim to attack the truthfulness of the victim's testimony at trial, the fatal flaw in introducing the evidence sought here is its lack of relevance, rendering it inadmissible from the outset. The individual involved with P., prior to the facts which gave rise to the case at bar, pleaded guilty to the charge of unlawful sexual intercourse and was never charged with rape. Hence, P. was truthful and her testimony would not have had any bearing on the issue of her truthfulness here because of her mother's pressure.[6] The

---

[5]This motion was argued under Evidence Code section 780 and defendant claims *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1], error in defendant's trial counsel not seeking to have the evidence admitted as nonsexual conduct attacking P.'s credibility under Evidence Code section 1103.

Finding that the testimony was not relevant to attack P.'s credibility, we need not reach the issue of whether a meritorious defense was withdrawn under the *Pope* standard.

[6]There is no merit in defendant's assertion that the plea of guilty does not connote that the charge is true. Such a plea "admits all matters essential to the conviction." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].)

proper focus was on what transpired here, not what had occurred in the past.

We note in passing, that testimony was introduced concerning P.'s mother's encounter with P. upon her arrival at defendant's home after the unlawful intercourse. Her verbal abuse and her striking her daughter certainly would suggest overbearing conduct, from which the jury could draw its own conclusions. The evidence was properly admitted.

█ Defendant asserts that no instruction should have been given concerning admissions and adoptive admissions (CALJIC Nos. 2.71 and 2.71.5), as defendant had made no admissions. Defendant maintains that the testimony used as the basis for these instructions was a taped conversation between defendant and a police officer after his arrest, as defendant did not testify at trial. In this tape, defendant denied any wrongdoing, denied having intercourse with P., and stated that P. and he had been collecting wood.

The instructions were proper here, because defendant's statements were admissions—statements relating to the offense. (*People v. Daw* (1968) 267 Cal.App.2d 560, 565 [73 Cal.Rptr. 89].) Statements to be admissions need not be incriminating. Further, the instructions require the jury to determine for itself if an admission was in fact made. The record also reveals that CALJIC No. 17.31 was given, instructing the jury that it may disregard jury instructions which do not support their findings of facts, and that the giving of an instruction did not mean that a state of facts existed, i.e., that defendant made an admission. No error was committed.

The verdict is modified to provide that the stay for the section 261.5 conviction will be effective pending the completion of defendant's sentence for violating section 288, after which the section 261.5 sentence stay will become permanent.

As so modified, the judgment of conviction is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied March 23, 1982, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1982. Kaus, J., did not participate therein.