33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Daniel TURNER, Defendant-Appellant.
 No. 93-10658.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1994.*
Decided Aug. 17, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Turner challenges his conviction for aggravated murder. We have jurisdiction under 48 U.S.C. Sec. 1424-3(c), and we affirm.
 
 
 3
 Turner argues the trail court erred in admitting witness testimony referring to the "Town House" robbery he allegedly committed prior to the murder. The trial judge admitted the testimony after finding it was relevant to the issue of motive for the murder. [ER 120.]
 
 
 4
 The Guam Code of Evidence is identical to the Federal Rules of Evidence. Guam v. Ojeda, 758 F.2d 403, 406 (9th Cir.1985). "Where evidentiary questions arise reliance will accordingly be placed on interpretations of the Federal Rules." Id. Like Rule 404(b) of the Federal Rules, Sec. 404(b) of the Guam Code states, " '[e]vidence of other crimes, wrongs, or acts' is admissible only to show 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' " Guam v. Tedtaotao, 1994 WL 129737, 3 (D.Guam 1994) (quoting 6 G.C.A. Sec. 404(b)). We review a trial court's admission of 404(b) evidence for abuse of discretion. Id.; United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994).
 
 
 5
 Turner argues that because motive is not an essential element of the crime of murder, the trial court abused its discretion in admitting the 404(b) evidence. While it is true that the government is not required to show motive in order to secure a murder conviction, this does not mean motive is not relevant in a murder trial. In this case, the motive evidence shows premeditation and is relevant to the ultimate question of guilt. Rule 404(b) specifically mentions motive as one of the purposes for which evidence of other crimes can be admitted, in spite of the fact that motive is an essential element of almost no crimes. Furthermore, we have previously held 404(b) evidence admissible to support the theory that a defendant attacked an informant in retaliation for assisting the government. United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983).
 
 
 6
 Turner next argues that the trial court should have excluded the evidence under rule 403 because the potential for prejudice outweighed its probative value. We review the trial court's rule 403 balancing for abuse of discretion. Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc., 23 F.3d 1547, 1555 (9th Cir.1994). The court did not abuse its discretion in concluding that, because the evidence was so probative as to motive and because the prior crime was much less serious than the crime for which Turner was being tried, the probative value outweighed any possible prejudice. See Bowman, 720 F.2d at 1105.
 
 
 7
 Turner's final argument is that the trial court erred in not giving a limiting instruction directing the jury to consider the 404(b) evidence only for the question of motive. The court proposed giving such an instruction twice, however, and both times Turner's counsel opposed the instruction. [ER 122-23, 127-28.] After rejecting a limiting instruction the government proposed, Turner's attorney stated, "after contemplation, I have decided not to do anything in the way of putting together a specific instruction which would simply emphasize again something [the jury members] probably have forgotten by now." ER 128. Because he rejected, on two occasions, the trial court's offer to give a limiting instruction, Turner is barred by the invited error doctrine from raising this issue on appeal. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 
 8
 Turner's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3